**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ERIN ANGELO, et al.** | § | |
| | § | |
| **v.** | § | **1:20-cv-0484-RP** |
| | § | |
| **CENTENE MANAGEMENT COMPANY,** | § | |
| **LLC, et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. No. 25), Plaintiffs' Response (Dkt. No. 35), and Defendants' Reply (Dkt. No. 36). The District Judge referred the above-motions to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I.  GENERAL BACKGROUND

Plaintiffs Cynthia Wilson and Erin and Nicholas Angelo are Texas residents who purchased ACA Ambetter insurance policies from Defendants. Dkt. No. 1. Plaintiffs allege that Defendants engage in "a classic bait-and-switch, targeting low-income customers with the promise of certified quality health coverage including networks of medical providers to provide that care but providing woefully little coverage after they signed up." Dkt. No. 35 at 1. After Plaintiffs were denied coverage under the policies for out-of-network healthcare providers, Plaintiffs filed a a purported class action alleging three causes of action against Defendants: (1) breach of contract, (2) breach of express warranty, and (3) violations of the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"). Dkt. No. 19.

In the instant motion Defendants assert that Plaintiffs' claims should be dismissed for four reasons: (1) all of Plaintiffs' claims are precluded by the filed-rate doctrine; (2) Plaintiffs failed to identify any specific insurance policy provision that was breached; (3) Plaintiffs have no basis to make a claim for breach of express warranty on a contract that does not involve the sale of goods; and (4) Plaintiffs' DTPA claim fails to meet the heightened pleading standards applicable to claims of fraud or misrepresentation.  Dkt. No. 25.

## II.  LEGAL STANDARD

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombl*y, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true.  *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009).

Claims subject to Rule 9(b) must "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The Fifth Circuit "interprets Rule 9(b) strictly, requiring a

plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010). "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Schnurr v. Preston*, 2018 WL 8584292, at *3 (W.D. Tex. May 29, 2018) (quoting *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968)).

## III.   ANALYSIS

### A.   Filed Rate Doctrine

Defendants first assert that all of Plaintiffs' claims should be dismissed because they are precluded by the filed rate doctrine.  Dkt. No. 25 at 4-14. The filed rate doctrine is a doctrine of deference that "bars judicial recourse against a regulated entity based upon allegations that the entity's 'filed rate' is too high, unfair or unlawful." *Tex. Comm. Energy v. TXU Energy, Inc.*, 413 F.3d 503, 507 (5th Cir. 2005).  Whether a state agency has the authority to approve reasonable rates is critical to determining if the filed rate doctrine applies in any given case.  Thus, in Texas, "[t]he application of the filed rate doctrine . . . is necessarily circumscribed by the legislative grant of authority" to the administrative agency.  *Mid–Century Ins. Co. of Texas v. Ademaj*, 243 S.W.3d 618, 625 (Tex. 2007).

Defendants contend all of Plaintiffs' claims are barred by the filed rate doctrine as each of the claims would require the Court to "reevaluate the reasonableness of insurance rates filed with and approved by the Texas Department of Insurance."  Dkt. No. 25 at 8.  While Defendants are

correct that Tex. Ins. Code § 1701.057(c) "require[s] an insurer to file the rates charged by that insurer for individual accident and health insurance policies," the rates are not filed for any purpose having anything remotely to do with ratemaking or approval of rates.  In fact, the Texas Insurance Code makes explicit that the authority granted to the TDI to require rate filings "does not grant the commissioner the authority to determine, fix, prescribe, or promulgate rates to be charged for an individual accident and health insurance policy." TEX. INS. CODE § 1701.057(e).  Defendants cite to no authority that the filed rate doctrine is applicable where rates are filed with an agency that lacks authority to approve or reject them.  As such, dismissal based on the filed rate doctrine is unwarranted.  *See Harvey v. Centene Mgmt. Co. LLC*, 357 F. Supp. 3d 1073, 1084 (E.D. Wash. 2018) (rejecting application of the filed rate doctrine in suit against Centene with substantially similar claims); *Houston v. Centene Mgmt. Co., LLC*, 2019 WL 7971713, at *2 (S.D. Fla. Oct. 20, 2019) (same).

## B.    Breach of Contract Claim

Defendants next argue that Plaintiffs' breach of contract claims fail to state a claim by failing to identify a specific material breach of a contract provision and by relying on general and conclusory allegations. Dkt. No. 25 at 9.  To state a claim for breach of contract under Texas law, a plaintiff must allege "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Harris v. Meridian Sec. Ins. Co.*, 2019 U.S. Dist. LEXIS 183727, at *7-9 (N.D. Tex. October 24, 2019).

Plaintiffs adequately plead each of these elements. Plaintiffs' Complaint identifies the Ambetter Contract as the signed contract between Plaintiffs and Defendants.  Dkt. No. 19 at. ¶¶ 57,

60, 66. They identify specific promises and obligations Defendants made to Plaintiffs in the Ambetter Contract in exchange for their premium payments. Those promises include providing insureds with

- an accurate list of network providers;

- "Complete medical coverage that meets [their] medical needs and contains all of the Essential Health Benefits;"

- a QHP that Centene has certified meets ACA's network adequacy requirements; and

- adequate access to physicians and medical practitioners and treatments or services.

*Id.* at ¶¶ 12, 27-32, 37-41, 58-59, 91-92. Plaintiffs allege that Defendants failed to fulfill these obligations, and that as a result, Plaintiffs suffered damages. *Id.* ¶ 97, 108-110. These are adequate allegations to support a plausible breach of contract claim, and to overcome the 12(b)(6) motion. *See Rapid Tox Screen LLC v. Cigna Healthcare of Tex. Inc.*, 2017 U.S. Dist. LEXIS 136218 (N.D. Tex. August 24, 2017).

## C.    Breach of Express Warranty Claim

Defendants next argue Plaintiffs cannot state a claim for breach of express warranty because they do not allege that any "good" has been sold. Dkt. No. 25 at 13-14. Defendants further assert that Plaintiffs' breach of warranty claim merely repeats their breach of contract claim. *Id.* The Court agrees. Under Texas law, "[i]n order to preserve the distinction between contract and express warranty, breach of warranty claims must involve something more than a mere promise to perform under the contract." *Staton Holdings, Inc. v. Tatum, L.L.C.*, 2014 WL 2583668, at *3 (Tex. App. June 10, 2014). Here, Plaintiffs allege express warranties made by Defendants in the Ambetter Contract, including a promise to provide essential benefits under the ACA and a promise that insureds could access specific health care providers listed on the website as in-network. Dkt. No. 35

5

at 27.  However, as Defendants point out in their Reply, Plaintiffs allege nothing more than that Defendants have not performed under the contract.  Dkt. No. 36 at 6-7.  As such, Defendants are correct that Plaintiffs have failed to state a claim for breach of express warranty.  The undersigned recommends that Plaintiffs' breach of express warranty claims be dismissed.

### D.    DTPA Claim

Lastly, Defendants move for dismissal of Plaintiffs' DTPA claims on the basis that they are barred by the statute of limitations, and alternatively, that Plaintiffs fail to satisfy the heightened pleading standard for claims involving fraud or misrepresentation.  Dkt. No. 25 at 14-18.  The DTPA provides for a two-year limitations period.  TEX. BUS. & COM. CODE § 17.565.  In their Response, Plaintiffs do not dispute that Plaintiff Wilson's DTPA claim is time-barred.  Dkt. No. 35 at 22. Plaintiffs argue that the Angelo Plaintiffs' claims were timely filed because the Angelos disputed Defendants' denial of payment for two years after the initial denial of coverage, asserting that because the case was closed sometime in 2019 the Angelos timely filed within the statue of limitations.  *Id.*  In support of this position, Plaintiffs rely on the case *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F. Supp. 3d 584, 607 (S.D. Tex. 2015), for the proposition that where "there is no express denial of a claim by the insurer for an accrual date, the legal injury to the insured occurs at the latest when the claim file is closed."  *Id.*  As Defendants point out, however, there was an express denial of the Angelos' claim by the insurer in this case, as the Plaintiffs' Complaint alleges.  Dkt. No. 36 at 7.  Because the Angelos' claim was expressly denied by Defendants in 2017, the claim accrued then, and expired two years later, in 2019.  Because the Angelos did not file this suit until 2020, their DTPA claims are time-barred.  *See Irwin v. Country Coach Inc.*, 2006 WL

278267, at *5 (E.D. Tex. Feb. 3, 2006). As a result, all of the Plaintiffs' DTPA claims are untimely and should be dismissed.

### E.     Leave to Amend

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend  the complaint before dismissing the claim with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002).  Granting leave is not required when "it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Id.*  The Fifth Circuit has indicated that "[l]eave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)

It is not obvious that it would be futile for the Plaintiffs to attempt to cure the breach of warranty claim with an amended complaint.  But because Plaintiffs' DTPA claims are time-barred amendment cannot cure that defect.  Accordingly, the Court recommends that the DTPA claim be dismissed with prejudice, but that the breach of warranty claim be dismissed without prejudice to the Plaintiffs filing an amended complaint, by a date certain, restating the breach of warranty claim should they so choose.

### IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (Dkt. No. 25) be **GRANTED IN PART** and **DENIED IN PART**.  Specifically, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants's Motion to Dismiss the breach of contract claims, **GRANT** the motion and **DISMISS WITHOUT PREJUDICE** the

Plaintiffs' breach of express warranty, subject to the Plaintiffs right to replead within a time set by the District Court, and **GRANT** the motion and **DISMISS WITH PREJUDICE** the DTPA claims.

The Clerk is directed to remove this case from the undersigned's docket and return it to the docket of the Honorable Robert Pitman.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 2nd day of February, 2021.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE